IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW JOSEPH SIMET, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv595 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA FEDERAL GOVERNMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Filing No. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Andrew Joseph Simet. The plaintiff complains of defective dialysis care afforded his wife at the Nebraska Medical Center, and he considers dialysis a "federal program." He believes that the federal government should not allow these acts (unsanitary dialysis practices) to take place. The plaintiff would like the doctors and nurses involved to be prosecuted.

By moving for leave to proceed IFP, the plaintiff subjects his complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, subject matter jurisdiction is always an issue in federal court. Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that

the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Subject matter jurisdiction is a very serious concern in the United States courts because the federal district courts are courts of "limited jurisdiction," unlike the state district courts, which are courts of "general jurisdiction."

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial federal claim. The court finds and concludes that the plaintiff's complaint does not state a basis for subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff's wife might have an action for medical malpractice or infliction of emotional distress under state law, but the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. First, no authority cited by the plaintiff or known to the court recognizes dialysis as a "federal program." Second, this court lacks authority to order the United States Attorney to prosecute physicians and nurses.

In addition, the jurisdictional bar of sovereign immunity operates not only when a suit threatens to impose liability on the United States for money or property, but also when a claimant seeks to engender some form of coercive injunctive relief. See, e.g., Dugan v. Rank, 372 U.S. 609, 620 (1963): "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738 ... (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., *supra*, 337 U.S. at 704 ... ; Ex parte New York, 256 U.S. 490, 502 ... (1921)."

If the United States could somehow be considered both negligent and responsible for defects in the medical care provided to the plaintiff's wife, 28 U.S.C. § 1346(b)(1) is the jurisdictional counterpart to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Under the FTCA, the United States waives its sovereign immunity for damages claims regarding "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Although the United States has consented to suit under the FTCA, the FTCA provides a remedy only if a plaintiff first files an administrative claim pursuant to 28 U.S.C. § 2675(a).

The complaint also does not state a basis for subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In order for a federal district court to have jurisdiction of a civil action based on diversity of citizenship or alienage, the following requirements must be satisfied: The controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties. Also, the matter in controversy must exceed $75,000. "Civil actions" within the meaning of 28 U.S.C. § 1332 include those which do not involve criminal prosecution or punishment, and which are of a character traditionally cognizable by courts of common law or of equity. Thus, cases which are of criminal, not civil, in nature cannot be maintained in the courts of the United States on the basis of diversity of citizenship. In addition, in this case, all parties share Nebraska citizenship.

Finally, 28 U.S.C. § 1343(a)(3) grants the federal courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."  28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights.  To state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  The complaint is devoid of any factual allegations which would suggest a violation of *the plaintiff's* civil rights by the United States, and, therefore, he has not stated a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

THEREFORE, IT IS ORDERED:

1. That the plaintiff's complaint and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction;

2. That Filing No. 2, the plaintiff's Motion to Proceed IFP, is denied as moot; and

3   That judgment will be entered accordingly.

DATED  this 19th day of September, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge